IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

No. 3:21-CR-125-MOC-DCK-1

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | |
| | ) | **SENTENCING MEMORANDUM** |
| JOSHUA MICHAEL REED, | ) | |
| | ) | |
| Defendant. | ) | |

Defendant, Joshua Michael Reed ("Mr. Reed"), by and through undersigned counsel, respectfully submits this Sentencing Memorandum pursuant to 18 U.S.C. § 3661, to provide additional information for the Court's consideration. This Memorandum references the various factors found in the Federal Sentencing Guidelines Manual and 18 U.S.C. § 3553(a), relevant in fashioning a sentence for Mr. Reed that is, "sufficient, but not greater than necessary" to satisfy the principles of 18 U.S.C. § 3553(a)(2).

Undersigned counsel, for the reasons set forth herein, including Mr. Reed's history and characteristics and his family support upon release, respectfully asks the Court to impose a sentence of one hundred twenty (120) months. *See* 18 U.S.C. § 2422(b).

Mr. Reed was arrested on January 14, 2021, pursuant to a Criminal Complaint. A Bill of Information was filed against him in this Court on May 12, 2021, charging him with one count of Coercion and Enticement of a Minor in violation of 18 U.S.C. § 2422(b). On June 8, 2021, Mr. Reed pled guilty to the Bill of Information, pursuant to a plea agreement. The Court entered a

Consent Order and Judgment on Forfeiture on June 17, 2021. Mr. Reed has remained in custody since his arrest on January 14, 2021. Mr. Reed's sentencing is scheduled for March 8, 2022.

## HISTORY AND CHARACTERISTICS OF DEFENDANT

Mr. Reed was born on December 13, 1989, in High Point, North Carolina, to the marital union of Janie and Steven Reed. *See* D.E. 33, Presentence Investigation Report ("PSR"), at ¶ 39. He is currently 31 years old. *Id.* Mr. Reed has one older sister, Jolie Rhodes, who is married and has one child. *Id.* at ¶¶ 39, 41. Mr. Reed reports having been raised in a loving and supportive home that was occasionally financially unstable but which was free of violence and abuse. *Id.* at ¶ 40. Mr. Reed maintains a good relationship with his parents, sister, a cousin, and his maternal aunt and uncle, all of whom reside in nearby North Carolina towns. *Id.* at ¶ 41. Mr. Reed is single, has never been married, and has no children. *Id.* at ¶ 42. Prior to his arrest, he resided in Charlotte, North Carolina, and worked as a Litigation Discovery Document Reviewer for Consilio LLC. *Id.* at ¶¶ 43, 49. Mr. Reed has a consistent history of employment, working as a document reviewer or contractor for various law groups in North Carolina since approximately one year after his graduation from law school in May 2015. *Id.* at ¶¶ 47, 49, 50. Mr. Reed reports a history of substance abuse and is currently undergoing mental health treatment with Dr. Myrick, which began in December 2020. *Id.* at ¶¶ 45-46. Mr. Reed generally reports to be in good physical health, other than asthma for which he uses an inhaler and allergies for which he takes medication. *Id.* at ¶ 44.

Mr. Reed voluntarily surrendered his license to practice law on November 9, 2021, pursuant to the plea agreement with the United States.

## **FRAMING AN APPROPRIATE SENTENCE**

Consideration of the Guidelines, which is but one of the seven factors listed in 18 U.S.C. § 3553(a), is only "the starting point and the initial benchmark." *Gall v. United States*, 552 U.S. 38, 49 (2007); *see also United States v. Evans*, 526 F.3d 155, 160-61 (2008). The court "then consider[s] what sentence is appropriate for the individual defendant." *Raby*, 575 F.3d at 381 (internal quotation marks and citation omitted).

### Advisory Guideline Range Calculation

The U.S. Probation Office determined Mr. Reed to be a Total Offense Level 27, with a criminal history score of 0 and a Criminal History Category I. PSR, ¶¶ 30, 34, 35. Thus, Mr. Reed's advisory Guideline range is 70 to 87 months; however, the statutorily required minimum term of imprisonment is 10 years, which is greater than the maximum of the applicable Guideline range; therefore, the Guideline term of imprisonment is 120 months. *Id.* at ¶¶ 54, 55; 18 U.S.C. § 2422(b); USSG § 5G1.1(b). Under the applicable statute, the minimum term of imprisonment is 10 years and the maximum term is life. 18 U.S.C. § 2422(b).

### Specific Offender Characteristics

Mr. Reed pled guilty to a criminal Information at an early stage in these proceedings. He accepted responsibility with the full knowledge that the count to which he was pleading carried a mandatory minimum sentence of ten years. Further, he voluntarily surrendered his law license pursuant to the terms of and very shortly after entering the plea agreement with the Government. Mr. Reed would like to pursue any opportunities for mental health and substance abuse counseling and treatment while in custody of the Bureau of Prisons. Mr. Reed's family is very close, and he will have a great deal of community support upon his release. *See* Exhibit 1,

Character Letters. Mr. Reed's family is aware of his charges, and they have expressed their willingness and ability to support him upon his release from BOP custody.

In light of the foregoing factors, Mr. Reed respectfully submits to the Court that a sentence of one hundred twenty (120) months is a sentence sufficient but no greater than necessary in this case.

## CONCLUSION

For the reasons outlined herein, undersigned counsel respectfully implores the Court that a sentence of 120 months is "sufficient, but not greater than necessary, to comply with the purpose[s]" of sentencing. *See* 18 U.S.C. § 3553(a)(2)(A-D).

WHEREFORE, based on the preceding arguments as supported herein by both facts and authorities, and based on the PSR's factual information, Mr. Reed respectfully requests:

1. That the Court impose a sentence no greater than necessary, and specifically, a term of imprisonment of 120 months;

2. That the Court impose a special assessment in the amount of $100.00, due and payable immediately; and

3. That the Court grant Mr. Reed such other and further relief as it may deem just, proper, and reasonable.

Respectfully submitted, this the 1st day of March, 2022.

/ / /

/ / /

/ / /

/ / /

DYSART WILLIS

By: /s/ Christian E. Dysart
CHRISTIAN E. DYSART
N.C. State Bar No. 36734
christian@dysartwillis.com
530 Hillsborough St., Suite 200
Raleigh, NC 27603
Telephone: (919) 747-8380
*RETAINED ATTORNEY FOR
DEFENDANT*

/s/ Geoffrey Ryan Willis
GEOFFREY RYAN WILLIS
N.C. State Bar No. 33004
ryan@dysartwillis.com
530 Hillsborough St., Suite 200
Raleigh, NC 27603
Telephone: (919) 747-8380
*RETAINED ATTORNEY FOR
DEFENDANT*

/s/ M. Linsay Boyce
M. LINSAY BOYCE
N.C. State Bar No. 54336
linsay@dysartwillis.com
530 Hillsborough St., Suite 200
Raleigh, NC 27603
Telephone: (919) 747-8380
Facsimile: (919) 882-1222
*RETAINED ATTORNEY FOR
DEFENDANT*

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing **DEFENDANT'S SENTENCING MEMORANDUM** was filed with the Clerk of Court for the Western District of North Carolina on 1 March 2022 using the CM/ECF system, which will send notification of such filling to the following counsel of record by electronic mail:

>Alfredo Perez De La Rosa, Jr.
>Benjamin Bain-Creed
>Assistant United States Attorney
>United States Attorney's Office
>Western District of North Carolina
>227 W. Trade Street, Suite 1650
>Charlotte, North Carolina 28202
>alfredo.de.la.rosa@usdoj.gov
>benjamin.bain-creed@usdoj.gov

This, the 1st day of March, 2022.

>DYSART WILLIS
>
>By: /s/ Christian E. Dysart
>CHRISTIAN E. DYSART
>N.C. State Bar No. 36734
>Email: christian@dysartwillis.com
>530 Hillsborough St., Suite 200
>Raleigh, NC 27603
>Telephone: (919) 747-8380
>Facsimile: (919) 882-1222
>*RETAINED ATTORNEY FOR DEFENDANT*